IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-88-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MANUEL TABARES-CASTILLO, | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Manuel Tabares-Castillos' motion to correct sentence [DE 421]. The government has responded in opposition [DE 438] and the matter is ripe for ruling. For the following reasons, defendant's motion is DENIED.

## BACKGROUND

Following pleading guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), defendant was sentenced on March 12, 2014 to a term of 120 months' imprisonment on each count, to be served concurrently. The sentence was also set to run concurrently with defendant's federal sentence imposed by the Southern District of Texas. Defendant was sentenced in Texas to a term of 120 months' imprisonment on November 4, 2011. Defendant has now moved pursuant Federal Rule of Criminal Procedure 36, arguing that the running of his sentence is currently miscalculated. He claims his term of imprisonment imposed in this court should be calculated as beginning when his Texas sentence began.

## DISCUSSION

Challenges to the calculation of a federal sentence are generally brought through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. § 2241 petitions are brought in the district of confinement, not the district of sentencing.

Defendant's motion is denied on its merits. Defendant argues that because his second federal sentence was made concurrent to his first, the later federal sentence should be calculated as starting when the earlier federal sentence did. This is incorrect. A federal sentence begins the date it is imposed. *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998). Defendants are granted credit towards a term of imprisonment for any time spent in official detention prior to the date the sentence begins, but do not get credit for time served to satisfy other, prior sentences. 18 U.S.C. § 3585(b). That is: time prior to sentencing spent in the custody of the United States Marshal counts. Time spent serving a different sentence does not.

This defendant's sentence in this district, then, began on the date of sentencing, March 12, 2014. Even though it is concurrent to his other sentence, it cannot begin before defendant was ever in custody for the offenses prosecuted in this district.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 421] is DENIED.

SO ORDERED, this 25 day of July, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE